JAS. B. HACKLEY AND WIFE *v.* J. W. COLLINGS.

Husband and Wife — Voluntary Conveyance by Wife — Estoppel.
  Where a wife voluntarily parts with her heritage from her father's estate, and consents and agrees that the price should be applied to the payment of her husband's debts, the money being so applied, she is estopped from setting up claim thereto, and a court of equity cannot grant the relief sought to reclaim it.

APPEAL FROM NELSON CIRCUIT COURT.

June 19, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Independent of the direct evidence of Mrs. Dupin and others on the subject the recital in the deed that the consideration was in hand paid, in connection with the conduct of the parties, affords intrinsic evidence that Mrs. Hackley, as well as her husband, well understood how, and to what purpose, the purchase money for her land was to be appropriated.

It is scarcely credible, or even possible, that appellants would sign and acknowledge a deed which passed to their vendee much the greater part of Mrs. Hackley's heritage in her father's real estate, and in which there is an express acknowledgment of the receipt of the whole of the price, when not one dollar was then paid,

38

and no writing taken evidencing an indebtedness thereof, and no special agreement about the payment of the money to them or either of them; if there had been no understanding and agreement between the parties on the subject of the payment, a sum of money of that amount, so important to them in their then condition, and being much the larger portion of Mrs. Hackley's patrimony, would not be left in the hands of their vendee, without any certain and definite time fixed for its payment, and without a written obligation therefor, if it was to have been paid to them or either of them.

At least one of the brothers of Mrs. Hackley, through whose agency her consent was obtained to sell the land, understood and desired that the price should be applied to the discharge of the debt held by Mrs. Pyne, on J. B. Hackley, and William Southerland, the father of Mrs. Hackley.

The heirs and representatives of the intestate, William Southerland, were no doubt desirous that the price of Mrs. Hackley's land should be paid to Mrs. Pyne, whereby the estate of William Southerland would be relieved to that extent, as Hackley, the principal debtor, was insolvent, and leave that much more for distribution and division amongst the heirs, and to accomplish this is may be that an inducement was held out to Mrs. Hackley that her brothers and sisters would convey to her the house and lot in Bardstown; but, be that as it may, there is no evidence that Collings offered any such inducement to her, or that his conduct in the transaction has been deceptive or culpable.

The evidence preponderates to the conclusion that the wife voluntarily parted with her land, and consented and agreed that the price should be applied to the payment of her husband's debt, and that the money was so applied, before she instituted her suit to reclaim it. Under such circumstances a court of equity cannot grant the relief sought.

Wherefore, the judgment is affirmed.

HARDIN, J., not sitting.

McKay, for Appellants.

Johnson, for Appellee.